# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **DARRELL MATHIS,** | : | **MOTION TO VACATE** |
| BOP Reg. # 65214-019, | : | **28 U.S.C. § 2255** |
|     Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:13-CR-448-ODE-1** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
|     Respondent. | : | **1:14-CV-3922-ODE-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant, Darrell Mathis, confined in the Beckley Federal Correctional Institution in Beaver, West Virginia, filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. [Doc. 29 in 1:13-cr-448-ODE-1.][1] The Government filed a response in opposition. [Doc. 31.] Movant then filed a "request for order," in which he asked the Court to grant the § 2255 motion. [Doc. 32.] The Clerk docketed the "request for order" as a motion. [*Id.*] For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion and "request for order" be **DENIED**.

---

[1] Citations to the record in this Final Report and Recommendation refer to case number 1:13-cr-448-ODE-1.

AO 72A
(Rev.8/82)

### I.     <u>28 U.S.C. § 2255 Standard</u>

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[2]). The Court must conduct an evidentiary hearing unless "the

---

[2]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).  "[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." *Bain v. United States*, 565 Fed. Appx. 827, 828 (11th Cir. May 12, 2014) (per curiam) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)) (internal quotation marks omitted).

In the present case, the undersigned determines that an evidentiary hearing is not needed because the § 2255 motion and record conclusively show that Movant is entitled to no relief.

## II. Discussion

Movant was formerly employed as a sheriff's deputy in Newton County, Georgia. [Doc. 31-1 at 9.]  In August and September 2013, while in possession of a firearm issued by the Newton County Sheriff's Office, Movant agreed to sell marijuana to an undercover officer and transport drugs from Alabama to North Carolina. [*Id.* at 10-11.]

In an information filed on November 18, 2013, Movant was charged with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  [Doc. 17.]  Movant pleaded guilty to that charge on

3

December 6, 2013. [Doc. 21.] On March 26, 2014, the District Court sentenced Movant to sixty months imprisonment, followed by two years supervised release. [Doc. 27.] Movant did not appeal. [Doc. 29 at 2.]

Movant executed his § 2255 motion on December 3, 2014. [*Id.* at 14.] The Government does not dispute that the § 2255 motion is timely under 28 U.S.C. § 2255(f). Movant claims that he should not have been convicted because he (1) was "required to carry [his] issued weapon while on active duty" (ground one), and (2) "was never charged with a drug trafficking crime" (ground two). [*Id.* at 5-6.]

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [his] own conduct." *Lynn*, 365 F.3d at 1235. To demonstrate actual prejudice, a movant must show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional

4

dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted).  "Actual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n.18 (internal quotation marks omitted).

Movant's two grounds for relief are procedurally defaulted because he failed to file a direct appeal. [Doc. 29 at 2.] Movant states that he did not appeal because he "was misinformed about the nature of the crime, and [he] thought [he] was guilty, when in fact [he] was innocent." [*Id.* at 4.] Movant contends that trial counsel failed "to research and explain the law to him . . . ." [Doc. 29-1 at 6.]

Insofar as Movant claims that counsel's alleged ineffectiveness caused him to plead guilty involuntarily, he must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  As to the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

5

professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

"[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between [pleading guilty] and going to trial." *Searcy v. Fla. Dep't of Corr.*, 485 Fed. Appx. 992, 997 (11th Cir. Aug. 9, 2012) (per curiam) (quoting *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984)) (internal quotation marks omitted). A defendant who has pleaded guilty must satisfy the second prong of *Strickland* by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Connolly v. United States*,

6

568 Fed. Appx. 770, 770-71 (11th Cir. June 10, 2014) (same).

Because the Court must presume that a defendant's statements under oath during a plea colloquy were true, the defendant bears "a heavy burden" to show that those statements were actually false. *United States v. Garcia*, 322 Fed. Appx. 918, 919 (11th Cir. Apr. 13, 2009) (per curiam) (citing *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994)); *see also Connolly*, 568 Fed. Appx. at 771 ("The Supreme Court has determined that a defendant's representations at a plea hearing 'constitute a formidable barrier in any subsequent collateral proceedings.' ") (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)); *see also United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (holding that defendant bears heavy burden to show that his statements under oath at plea colloquy were false).

In the present case, Movant claims that counsel provided ineffective assistance by failing to explain the relevant law. [Doc. 29-1 at 6.] However, Movant indicated during the plea colloquy that he (1) understood the charged offense and its elements, (2) had an adequate opportunity to discuss the guilty plea with counsel and was satisfied with the representation, and (3) pleaded guilty voluntarily. [Doc. 31-1 at 8, 12-13.] Movant has not produced any evidence to meet his heavy burden to show that his statements under oath were actually false. *See Patel v. United States*,

7

252 Fed. Appx. 970, 975 (11th Cir. Nov. 1, 2007) (per curiam) (determining that movant's § 2255 allegations in direct conflict with statements during plea colloquy and unsupported by evidence did not establish involuntariness of plea).  Because Movant has not shown that his guilty plea was involuntary based on ineffective assistance of counsel, he has not shown cause for the procedural default of his two grounds for relief.

Movant has also not shown actual prejudice because his grounds for relief lack merit.  As to ground one, the Government notes the absence of any facts suggesting that Movant was on "active duty" when he agreed to sell marijuana to an undercover officer and transport drugs from Alabama to North Carolina.  [Doc. 31 at 6-7.]  Therefore, Movant was not "required to carry [his] issued weapon" at the time of his offense.  [Doc. 29 at 5.]  As to ground two, the Government was not required to charge Movant with a drug trafficking crime in order to secure a conviction for possession of a firearm in furtherance of a drug trafficking crime.  *See United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005) (per curiam).  Movant has not presented proof of actual innocence.

Accordingly, the undersigned **RECOMMENDS** that Movant be **DENIED** relief as to grounds one and two of the § 2255 motion.

8


### III.     **Certificate of Appealability (COA)**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

AO 72A
(Rev.8/82)

A COA should be denied because the resolution of the issues presented is not debatable.  If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## IV. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that (1) the § 2255 motion to vacate, set aside, or correct sentence, [Doc. 29], and "request for order," [Doc. 32], be **DENIED**; (2) a COA be **DENIED**; and (3) civil action number 1:14-cv-3922-ODE-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this  21st  day of September, 2015.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE